## Frank M. Palmer v. Nathan Frank.

1. APPELLATE COURT PRACTICE—*Second Presentation of the Same Questions in the Same Case.*—This court need not restate, nor, according

to well settled practice, re-examine or reconsider questions which were considered and decided on a former appeal of the same case.

2. STATUTE OF LIMITATIONS—*As a Defense on Appeal—What the Record Should Show.*—A person relying upon the statute of limitations as a defense must plead it, and on appeal the record must disclose that it was interposed in the court below, and this rule applies even though the pleadings in the trial court were oral.

**Transcript**, from a justice of the peace. Appeal from the Circuit Court of DeWitt County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1887.

MOORE, WARNER & LEMON, attorneys for appellant.

P. T. SWEENEY and E. J. SWEENEY, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term, and was then reversed because we were of opinion that the plaintiff, who was defeated in the Circuit Court, was entitled to recover. 65 Ill. App. 124.

A second trial upon substantially the same evidence as the first resulted in a judgment for the plaintiff, from which the defendant has prosecuted the present appeal. The brief of appellant reargues the questions formerly presented. We need not restate nor, according to well settled practice, should we re-examine or reconsider those questions. A point newly made is that the action is barred by the statute of limitations. This was not presented when the case was here before, though the record was the same as now. It seems quite apparent, from an examination of the proceedings of the Circuit Court, that no suggestion of such a defense was made there.

Had it been, perhaps, it might have been met or obviated, for it depends upon the matter of a few days only as to which an explanation or correction might have been readily made. The pleadings were oral, yet it is reasonably certain the defense was not made. We find no hint of it in the propositions of law submitted by defendant nor in anything said or done on either side.

In Kennedy v. Stout, 26 Ill. App. 133, it was considered significant that no reference to such a defense was found in the propositions of law. So it is here, and further, it is significant that when the case was before us on a former occasion, with the record in the same condition, and a judgment for defendant, it was not suggested that the judgment might rest upon that ground.

In Wilson v. Van Winkle, 2 Gil. 684, the plaintiffs in error sought to reverse a judgment because of the bar of the statute of limitations as to which the court said: "It is a sufficient answer to this position to remark that a party can not avail himself of a defense of this character without pleading it or specially insisting on it, and that the record in this case nowhere shows that the executors (plaintiffs in error) relied on such a defense in the Circuit Court. If they desired to set up such a defense they should have interposed it in the court below. It is too late to introduce it for the first time in this court." In that case, the pleadings were oral, but the Supreme Court held that it must in some way appear from the record that the defense was made below.

Here the record not only does not so show, but, as we think, it is apparent the defense was not made below and that it is presented for the first time in this court.

We are of opinion the judgment should be affirmed.